Dear Chief Hilton:
You ask this office to advise whether state supplemental pay must be included in compensation paid to municipal police officers for accrued annual leave and sick leave upon retirement.
LSA-R.S. 33:2218.2(A) provides that the state is to pay a supplemental monthly compensation to municipal police officers, as follows:
 A. (1) In addition to the compensation now paid by any municipality included in this Subpart or by the Chitimacha Tribe of Louisiana, the Coushatta Indian Tribe of Louisiana, or the Tunica-Biloxi Tribe of Louisiana, hereinafter referred to as "tribe" or "tribal", to any police officer, every police officer employed by any municipality or tribe which employs one or more police officers who devotes his full working time to law enforcement, and for those hired after March 31, 1986, who have completed and passed a council-certified training program as provided in R.S. 40:2405, shall be paid by the state extra compensation in the amount of three hundred dollars per month for each full-time municipal or tribal law enforcement officer who has completed or who hereafter completes one year of service.
LSA-R.S. 33:2218.4 governs disbursement of state supplemental pay for police officers and provides, in part:
 A. The funds appropriated and dedicated as herein provided shall be disbursed upon warrants drawn by the mayors of the respective municipalities coming under the provisions of this Subpart, which warrants shall have attached to them a detailed list of names of the officers for whose benefit any particular warrants is drawn, together with the completed years of service of such officers and such other *Page 2 
information as the secretary of the Department of Public Safety and Corrections may require.
 ***** D. The additional compensation paid by the state to municipal police officers as herein provided shall be included in the calculation and computation of the total wages paid to the municipal police officer in the determination of employer contributions to any retirement system or pension fund of which the police officer may be a member as well as in the determination of retirement eligibility and benefits which may accrue to the police officer under any retirement system or pension fund, as well as in the determination of any other employee benefits, sick leave, or disability pay to which the police officer might be entitled with the exception of workers' compensation benefits pursuant to R.S. 23:1021 et seq.
Based upon the foregoing emphasized portion of R.S. 33:2218.4, we conclude that state supplemental pay must be included in the calculation of accrued annual and sick leave to which a police officer may be entitled upon retirement.
We hope the foregoing information is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg